Justice Colcock
dissenting, delivered the following opinion :
In this case I differ in opinion with my brethren. I think if there be any difference between a contingent and a vested right, that the defendants are liable. It is said the case depends on this question : Had the defendants any goods of their intestate in their hands at his death ? And if so, I think the case a very clear one. At the time of his death, the whole of the cargo of 'the Two Brothers, and the previous deposits of wine and coffee,' were in their hands, subject to their advances; but taken together, greatly exceeding the amount of them. Now, whose property were the wines and coffee ? It is admitted they were Lacoste's. Then as to the cargo of the Two Brothers, it is contended, that the order operated as an assignment of it to John Stoney. That this cannot be the case, may be proven in various ways.
1st. It is paid at the death of Lacoste. Stoney may have said to the defendants, the goods of the ■ Two Brothers are mine, and I have taken possession of them. But this I humbly conceive could not have been,
1st. Because the defendants had a general lien on *112 cargo of the Brothers, as well as the wines and coffee.-
Snell}’. 'Because, from the Very words of the order, a lien was created on them. If so* surely Stoney could not have taken them out of their possession.
Again, suppose the cargo of the Two Brothers had, after the death of Lacoste, been burnt, would Stoney have been the looser ? Woul'd he have been compelled by any Court whatever to credit the demand which he had against '.Lacoste,- with what should have been proved to have been their value ? S think upon such an event we should have heard him contending most strongly that the property was not transferred by the order. Is there any thing in the law of mercantile usage which goes to shew that property can be thus transferred ? Is there any delivery, or that which amounts to a delivery ? Is a delivery even contemplated ? The order says, pay the proceeds, after deduct:ing your balance. Plow, it appears to be inconsistent to' say, pay a man the proceeds of his own property. Again, suppose that the wines and coffee should have been destroyed, or proved to be so inferior as to have brought little or nothing, can it be doubted that the defendants had a right to apply the proceeds of the Two Brothers to his own debt ? I presume, not. How does this comport with a property in Stoney ? How does the word proceeds comport with the idea of a transfer of the thing itself? — ■ Much less can the- idea of a transfer of the thing itself be comprehended, when the order means proceeds, if any. — . But what is the fact ? The defendants did first sell the cargo of the Tivo Brothers, and did apply the money to the payment of their advances. The cargo was sold on the-day of —-. The entry in their books on the ' -is to the credit of Lacoste, This is conclusive. — > It is an appropriation of the money, and such an one as they had an undoubted right to make. As before observed, if the wines had been burnt the day after the sale of the cargo, the loss would not have fallen On the defendants.It is the law, that if one accepts a bill of exchange on the faith of goods to be consigned1, and the drawer die before *113 delivery, he may still sell the goods. Why? Because there the acceptor is bound to pay at all events. And ,it Is but reasonable he should have a lien on the goods.— The advance is made directly on the faith of the goods. — ■ But in this case it is shewn that there was no responsibility on the defendants, except in the event of a contingency, which he had the.power to defeat, and according to the ■ evidence of the case, did defeat. The case quoted by defendant’s counsel from 1 Caines, (Peyton & Hallet,) is-much relied on, but is widely different from that before us. It is an order to pay moneys which it is admitted is a transfer of the money itself. The case from Durn. East, shews what is necessary to change, the property itself. — ■ There, although the conveyance was absolute, and the money loaned on it, yet it was doubted, as the delivery had not taken place before the bankruptcy, (the legal death.) whether the property would pass. And so will it be found, that all the other cases referred to, are actual transfers of the property itself, , If w'e had equity jurisdiction, per- . haps we might say who should have the disposition of the funds, but we are called upon to decide the strict legal rights of the parties.